UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNA SOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV633 TIA |
| ) | |
| GATEHOUSE MEDIA MISSOURI ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Defendant Gatehouse Missouri Holdings, Inc.'s Motion to Compel Responses to Discovery (Docket No. 14). Defendant seeks a court order compelling Plaintiff Lonna Sowers to provide both a sworn response to the first set of interrogatories[1] and complete responses to the first request for production of documents, in particular, Request Nos. 2 and 7. Plaintiff filed a Memorandum in Opposition to the motion to compel (Docket No. 16) and Defendant filed a Reply (Docket No. 17) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Lonna Sowers filed the instant action against Defendant regarding her alleged discriminatory termination on the basis of her age. (Plaintiff's Complaint, Docket No. 1). Plaintiff seeks monetary damages, including lost wages, lost benefits, emotional damages, liquidated damages, punitive damages, and litigations costs, from Defendant for her unlawful termination based on age

---

[1] In Plaintiff's Response, Plaintiff represents that she submitted a signed verification of her interrogatory responses via email and U.S. mail to defense counsel on March 19, 2009. Accordingly, the undersigned finds that Defendant's Motion to Compel seeking a sworn response to the first set of interrogatories is now moot.

in violation of the Age Discrimination in Employment Act of 1967 (Count I) and the Missouri Human Rights Act (Count II). Plaintiff further alleges that Defendants failed to provide her with a service letter (Count III).

In Production Request No. 2, Defendant requested production of Plaintiff's state and federal income tax returns for 2004-2008 with supporting schedules and W2s. Plaintiff supplied the W2s for the requested year but did not produce complete returns as requested objecting to the production of the tax returns as overbroad and seeking documents not relevant to her cause of action or her claim for damages and thus not reasonably calculated to lead to the discovery of admissible evidence.

In Request No. 7, Defendant requested production of all documents relating to any economic or financial losses Plaintiff claims were or will be incurred as a result of Defendant's alleged conduct. In her objection to the request, Plaintiff asserted that "[a]t the present time, Plaintiff claims only the following damages: lost wages (both past and future), lost benefits, emotional damages, liquidated damages, punitive damages and litigation costs including attorneys' fees." Plaintiff asserts that although she has sustained substantial actual and compensatory damages in addition to those set forth in her complaint, she has elected not to pursue such damages including investment retirement fund losses and property loss damages at this time in order to avoid producing all of her financial records and those belonging to her husband.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Although federal courts generally resist discovery of tax returns, a showing of good cause can lead a court to decide tax returns are discoverable. See Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Taylor v. Atchison, Topeka

and Santa Fe Ry. Co., 33 F.R.D. 283, 286 (W.D. Mo. 1962). To determine whether disclosure is appropriate, most courts apply a two-part test. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006). First, the court must determine whether the tax returns are relevant. Id. If so, then the question becomes whether there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source. Id..

Defendant now moves to compel this discovery. But there is ample reason to conclude the tax returns are relevant in this employment discrimination litigation. For instance, where adverse employment actions led to demotions or dismissal, then pecuniary damages may be calculated from the amount by which the employee's earnings were reduced. See generally Excel Corp. v. Bosley, 165 F.3d 635, 638-40 (8th Cir. 1999) (explaining pecuniary damages for front pay and back pay in Title VII actions). In a termination case, the employee must mitigate damages, and thus post-termination earnings may show the employee's efforts to satisfy this obligation. See Sellers v. Mineta, 358 F.3d 1058, 1066 (8th Cir. 2004); EEOC v. Chemsico, 203 F.R.D. 432, 434 (E.D.Mo. 2001) (in an employment discrimination action, tax returns are discoverable and ordered to be produced for the three years preceding plaintiff's termination and one year thereafter). Because tax returns are evidence of Plaintiff employee's earnings, they are relevant to these issues. Accordingly, the Court will order Plaintiff to produce her state and federal income tax returns for 2004-2008 with supporting schedules and W2s.

**IT IS HEREBY ORDERED** Defendant Gatehouse Missouri Holdings, Inc.'s Motion to Compel Responses to Discovery (Docket No. 14) is GRANTED in part and DENIED as moot in part for the reasons set forth in the instant memorandum.

**IT IS FURTHER ORDERED** that Plaintiff is directed to produce her state and federal income tax returns for 2004-2008 with supporting schedules and W2s within ten days. Failure to comply with this Order may result in the imposition of sanctions.

                                              /s/Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of April, 2009.